IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
MILTON JONES,                    )
                                 )
         Petitioner,             )
                                 )
    v.                           )  No. 08 C 2057
                                 )
RANDY PFISTER, Warden,           )
Pontiac Correctional Center      )
                                 )
         Respondent.             )
```

## MEMORANDUM OPINION AND ORDER

Petitioner Milton Jones has brought a *pro se* amended petition for a writ of habeas corpus pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, seeking to overturn his convictions for first degree murder and aggravated kidnapping.[1] Petitioner also requests additional discovery and an evidentiary hearing to support his petition. For the following reasons, I deny both the petition and the motion for discovery, and I decline to issue a certificate of appealability.

---

[1] Petitioner filed a habeas petition on April 10, 2008, but he sought a stay while he returned to state court for additional proceedings. His amended petition supersedes the original petition. *See Newell v. Hanks*, 283 F.3d 827, 834 (7th Cir. 2002) (amended habeas petition supersedes original habeas petition).

1

I.

On the morning of June 25, 1999, petitioner discovered that over $10,000 worth of disc jockey equipment had been stolen from his vehicle while it was parked outside his sister's residence on the South Side of Chicago.[2] The same morning, M.C Jones ("M.C." for clarity, and no relation to petitioner) awoke to find disc jockey equipment he had never seen before in his apartment. Later that day, while M.C. was at home with Lolita Sierra, ten men with guns burst into M.C.'s apartment, tied ropes around M.C.'s and Sierra's necks, and took them by car to a Chicago Housing Authority complex at 35th and State Streets. There, M.C. and Sierra told their abductors that Patrick Banks had broken into petitioner's vehicle, taken the disc jockey equipment, and sold it in exchange for crack. Banks later arrived at the scene, where he was subjected to multiple, severe beatings. Banks died from his injuries.

Petitioner was convicted of the first degree murder of Banks and the aggravated kidnappings of Sierra and M.C. on February 27, 2004, following a jury trial. He was sentenced to twenty-five years of imprisonment for murder and six years of imprisonment

---

[2] This summary of the events is taken from the Illinois Appellate Court's Rule 23 Order of June 9, 2006, in *People v. Jones*, No. 1-04-1359, Exh. E to Resp.'s Answer. I presume the appellate court's factual findings to be correct, absent clear and convincing evidence to the contrary. *Miller-El v. Cockrell*, 537 U.S. 322, 324 (2003); *Rever v. Acevedo*, 590 F.3d 533, 537 (7th Cir. 2010).

for aggravated kidnapping.  After the trial, petitioner's counsel moved for judgment notwithstanding the verdict, and for a new trial.  Petitioner also filed a *pro se* post-trial motion in which he alleged, among other things, that his trial counsel had been ineffective.  At a hearing on the motions, petitioner argued the first motion through counsel and addressed the court directly with respect to the issues raised in his *pro se* motion.  The court denied both motions.

Petitioner challenged his conviction and sentence in a counseled direct appeal and in multiple, *pro se* post-conviction petitions.  Petitioner raised numerous grounds for relief, including that his trial counsel was ineffective in multiple respects.  After exhausting his state court appeals, petitioner turned to this court for relief.

In the operative habeas petition, petitioner identifies his claim as the "[t]rial court's failure to inquire into ineffective [assistance of counsel] claim."  Am. Pet. at 6.  In the lengthy narrative that follows, petitioner attributes the following errors to his trial counsel: (1) failure to investigate witnesses who would have confirmed that petitioner was not present in the vehicle used to transport M.C. and Sierra (*id.* at 7-8, 13); (2) failure to discover and exploit M.C.'s criminal and mental health histories (*id.* at 9, 13); (3) failure to confront M.C. or Sierra with certain photographs (*id.* at 10-11); (4) failure to notify

3

petitioner of three notes from the jury during its deliberations (*id*. at 12); (5) failure to use a contemporaneous psychiatric report of petitioner as the basis for moving to suppress statements he made to a Chicago police detective (*id*. at 14); (6) failure to show petitioner a copy of any discovery documents the state had produced (*id*. at 14); (7) failure to interview petitioner before trial (*id*. at 15); and (8) "fabricating" an incorrect version of the events during opening statement by blaming the wrong individual for the kidnappings of M.C. and Sierra (*id*. at 17).

II.

Pursuant to AEDPA, a federal habeas petition may be granted "only if a state court's ruling on a federal constitutional question 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Harris v. Thompson*, 698 F.3d 609 (7th Cir. 2012) (citing 28 U.S.C. § 2254(d)(1) and (2)). Errors of state law do not support federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citations omitted).

In addition, AEDPA requires state prisoners to exhaust the remedies available to them in state court before seeking federal

4

habeas relief. *See* 28 U.S.C. § 2254(b). This rule "requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004).

Respondent argues that petitioner's only claim for relief is non-cognizable because it asserts only a violation of state law. It is true that on its face, petitioner's claim asserts the "trial court's failure to inquire" into his ineffective assistance of counsel claim, evoking the argument he raised on direct appeal under *People v. Krankel*, 464 N.E. 2d 1045 (Ill. 1984). And, indeed, several courts have held that violations of Illinois' "adequate inquiry" requirement present only questions of state law and do not support habeas relief. *See e.g.*, *Serio v. Pfister*, No. 11 C 2770, 2013 WL 593824, at *4 (N.D. Ill. Feb. 14, 2013); *Clark v. Gaetz*, No. 10-3185, 2012 WL 3185889, at *4 (C.D. Ill. Aug. 2, 2012); *Reed v. Rednour*, No. 10-CV-2030, 2011 WL 1792865, at *10 (C.D. Ill. May 11, 2011); *U.S. ex rel. Cummings v. Rednour*, No. 08 5723, 2010 WL 4340448, at *6 (N.D. Ill. Oct. 22, 2010); *Dolis v. Gilson*, No. 07 C 1816, 2009 WL 5166228, at *13 (N.D. Ill. Dec. 23, 2009). Nevertheless, as the court explained in *U.S. ex rel. Sumner v. Washington*, 840 F. Supp. 562, 570 (N.D. Ill. 1993), *aff'd*, 65 F.3d 170 (7th Cir. 1995), when a state prisoner identifies the factual and legal

5

basis of a Sixth Amendment claim in the course of presenting his *Krankel* claim, it is appropriate for a federal habeas court to entertain the embedded constitutional claim:

> [The defendant] was plainly requesting a new post-trial hearing not for its own sake, but rather so that the merits of the claimed violation of his Sixth Amendment right to effective assistance of counsel could be addressed at that hearing. If [defendant] had no ineffectiveness claim, he would have no grounds on which to request a new hearing. To be sure, the Illinois Supreme Court could have granted [defendant] a new hearing without addressing the merits of that claim, leaving it to be adjudicated on remand--but that grant would necessarily have involved a threshold evaluation of the underlying claims that [defendant] was asserting.

*Id.* (holding that ineffective assistance of counsel claim was "the necessary and explicit predicate" of *Krankel* claim, and need not have been raised as an "independent claim necessitating review"); s*ee also Wells v. Bartley*, 553 F. Supp. 2d 1019, 1033-4 (N.D. Ill. 2008) (no procedural default of ineffective assistance claim pursued under *Krankel* in state court).

In his amended petition, petitioner identifies the factual basis of his Sixth Amendment claim, providing specific examples of putative errors by his counsel. And in his reply, petitioner cites *Strickland v. Washington*, 466 U.S. 668 (1984), as authority supporting the relief he seeks. Under these circumstances, it would elevate form over substance to conclude that petitioner's habeas claim is non-cognizable merely because it is facially framed in *Krankel* terms. This is particularly so in view of the

6

"generous interpretation" given to habeas petitions prepared without the assistance of counsel. *Lewis v. Sternes*, 390 F.3d 1019, 1027 (7th Cir. 2004).

There remains, of course, the separate question of whether petitioner presented his constitutional claim fairly throughout his state proceedings. If not, the claim is procedurally defaulted, however fairly it may be presented here.[3] Fair presentment requires a petitioner to present "both the operative facts and the legal principles" that control each claim. *Stevens v. McBride*, 489 F.3d 883, 894 (7th Cir. 2007). In the context of ineffective assistance of counsel claims, "the failure to alert the state court to a complaint about one aspect of counsel's assistance will lead to a procedural default" of any claim based on that aspect. *Id*.

In his direct appeal, petitioner argued that the trial court failed to conduct an adequate inquiry into his *pro se* allegations

---

[3] I note that procedural default is an affirmative defense that the state has not raised, instead placing all of its eggs—or most of them, anyway—in the basket of its argument that petitioner raises only a non-cognizable *Krankel* claim. Nevertheless, as the Seventh Circuit explained in *Perruquet v. Briley*, 390 F.3d 505 (2004), "in view of the interests in comity, federalism, and judicial efficiency implicated by a habeas petitioner's failure to properly present his constitutional claim to the state courts before seeking habeas relief in federal court, it can be appropriate for a federal court to overlook the State's failure to timely assert (or to assert at all) the petitioner's procedural default." Because many of the factors that persuaded the *Perruquet* court to reach the issue of procedural default are present here, I do so as well, despite the state's failure to raise it.

7

of ineffective assistance of counsel to determine whether the allegations had potential merit under *Strickland v. Washington*, 466 U.S. 668 (1984). Although petitioner claimed to have alerted the trial court to "eighteen instances of ineffective assistance of counsel, including failure to prepare for trial," Pet.'s Br. at 20, Exh. B to Resp.'s Ans., the only error he contended "raised a colorable claim" under *Strickland* was his attorney's failure to investigate certain witnesses. *Id*. at 22-23. Petitioner challenged the same aspect of his counsel's performance in his unsuccessful petition for leave to appeal to the Illinois Supreme Court. Although petitioner's post-conviction petitions alleged numerous other errors by his counsel, none of these was pursued consistently throughout his appeals.[4] Accordingly, any claims of ineffectiveness based on errors other than his counsel's alleged failure to investigate certain witnesses are procedurally defaulted.

While I could excuse the procedural default and consider claims based on other aspects of his counsel's performance if petitioner could show cause and prejudice for the default or a

---

[4] While the petitions gave rise to a labyrinth of appeals, petitioner filed a PLA in only one of them, which he later withdrew. Accordingly, none of the claims in these petitions meets the fair presentment test. *See Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010) ("If [a habeas] claim comes from the Illinois state courts, the petitioner must have presented each claim in the habeas petition to the Illinois Appellate Court and to the Illinois Supreme Court in a petition for discretionary review.").

8

fundamental miscarriage of justice, petitioner has done neither. "Cause for a default is ordinarily established by showing that some type of external impediment prevented the petitioner from presenting his federal claim to the state courts," while "[p]rejudice is established by showing that the violation of the petitioner's federal rights 'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Lewis*, 390 F.3d at 1026. Petitioner's reply includes a section captioned "Cause and Prejudice," but the issues it raises relate not to the reasons he failed to pursue his defaulted claims in the state court, but instead to the substance of those claims. The section of petitioner's petition captioned "Fundamental Miscarriage of Justice" likewise fails to establish the elements he would have to show to excuse the procedural default: that "no reasonable trier of fact would have found him guilty but for the error(s) allegedly committed by the state court." *Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004).

I thus proceed to the merits of petitioner's non-defaulted claim, turning first to the threshold question of the standard I must apply, since "AEDPA's deferential standard only applies to claims that were actually 'adjudicated on the merits in State court proceedings.'" *Warren v. Baenen*, 712 F.3d 1090, 1097 (7th Cir. 2013) (quoting 28 U.S.C. § 2254(d)). In rejecting

9

petitioner's *Krankel* argument, the Illinois Appellate Court alluded to petitioner's Sixth Amendment claim, then concluded that the trial court's failure to appoint new counsel "was not error." The court explained:

> The majority of defendant's claims of ineffectiveness are based upon counsel's failure to contact certain individuals who would be able to "clear" defendant of any participation in the crime. However, defendant testified in his own behalf and never mentioned the allegedly exculpatory evidence when he was asked about the individuals and events during his testimony.

*People v. Jones*, No. 1-04-1359, Rule 23 Order of June 9, 2006 ("Op."), Exh. E, at 19. Although terse, these two sentences—which expressly acknowledge petitioner's ineffective assistance claims, despite the fact that they were presented within his *Krankel* claim—are more than sufficient to trigger AEDPA's limitations on judicial review. *See Harrington v. Richter*, 131 S.Ct. 770, 784-5 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."); *see also Cullen v. Pinholster*, 131 S.Ct. 1388, 1402 (2011) ("Section 2254(d) applies even where there has been a summary denial [of petitioner's constitutional claim in state court].").

This adjudication was wholly consistent with *Strickland*. The factual basis petitioner asserted was that his counsel had

10

failed to investigate certain witnesses. While it is true that counsel "must engage in a reasonable investigation or come to a defensible decision that a particular investigation is unnecessary," *Strickland*, 466 U.S. at 691, "[a] *Strickland* claim based on counsel's failure to investigate a potential witness requires a specific, affirmative showing of what the missing witness's testimony would be, and this typically requires at least an affidavit from the overlooked witness." *Thompkins v. Pfister*, 698 F.3d 976, 987 (7th Cir. 2012).

Petitioner not only failed to provide affidavits from the "overlooked" witnesses, he gave no indication at all of what their testimony would have been, rendering wholly conclusory his argument that "these witnesses would have changed the outcome of the case." Pet.'s App. Br., Exh. B to Resp.'s Ans., at 23. That is insufficient. *See U.S. v. Lathrop*, 634 F.3d 931, 939 (7th Cir. 2011) (petitioner's "generalized claim that additional testimony would have made a difference is insufficient to satisfy his burden.") In short, the Illinois Appellate Court properly applied *Strickland* when it rejected petitioner's claim.

I now turn briefly to petitioner's request for a wide-ranging evidentiary hearing on his trial counsel's strategy and his motion for additional discovery. When a state court has adjudicated a petitioner's claim on the merits, "review under § 2254(d)(1) is limited to the record that was before the state

11

court that adjudicated the claim on the merits." *Pinholster*, 131 S.Ct. at 1398. In other words, "*Pinholster* prohibits federal evidentiary hearings...on inquiries that are subject to AEDPA--that is, inquiries that the state courts have addressed." *Toliver v. Pollard*, 688 F.3d 853, 859 (7th Cir. 2012). That limitation applies here. *Pinholster* likewise compels me to deny petitioner's motion for additional discovery, since any evidence produced would be outside the scope of what I may properly consider under § 2254(d)(1).

### III.

Petitioner's habeas petition and motion for discovery are denied. I decline to issue a certificate of appealability because petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**ENTER ORDER:**

_____
Elaine E. Bucklo
United States District Judge

**Dated:** Oct. 25, 2013